IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| CAPITAL GUARDIAN U.S. FIXED-INCOME MASTER FUND, CAPITAL GUARDIAN GLOBAL FIXED-INCOME FUND, and CHILDREN'S HOSPITAL OF LOS ANGELES INVESTMENT FUND,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>PRICEWATERHOUSECOOPERS LLP, JAMES R. BULLOCK, LESLIE W. HAWORTH, HENRY B. TIPPIE, JAMES L. WAREHAM, PAUL R. HUMPHREYS, KENNETH W. WINGER, MICHAEL J. BRAGAGNOLO, and TD SECURITIES (USA) INC.,<br><br>　　　　　Defendants. | Case No. 3:05-CV-1109-JFA |

## ORDER OF DISMISSAL

Pursuant to the Stipulation and Agreement of Settlement dated May 16, 2005 (the "Stipulation") between Plaintiffs Capital Guardian U.S. Fixed-Income Master Fund, Capital Guardian Global Fixed-Income Fund, and Children's Hospital of Los Angeles Investment Fund (together, "Plaintiffs") and James R. Bullock, Leslie W. Haworth, John W. Rollins, Jr., the Estate of John Rollins, Sr., Henry B. Tippie, Robert W. Luba, David E. Thomas, Jr., Grover C. Wrenn, Michael J. Bragagnolo, and James L. Wareham (collectively, the "D&Os") and American Home Assurance Company ("American Home"), Reliance Insurance Company ("Reliance"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Starr Excess Liability

Insurance International, Ltd. (collectively "D&O Insurers") ; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the D&Os and the Insurers.

2.      The Action is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the D&Os who are named as Defendants only.

3.      Plaintiffs, and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, asserted or unasserted, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of any transaction in or related to the Bonds (the "Settled Claims") (but excluding any claims to enforce the terms of the Partial Settlement) against the D&Os, trusts for which any of the D&Os are the settlor or which are for the benefit of them or their families; the D&Os personal or legal representatives, heirs, executors, administrators, and any other Person acting on their behalf; the Insurers; and all of the D&Os past and present agents, employees, attorneys, insurers, co-insurers, reinsurers, accountants, advisors, successors, and assigns; provided, however, that nothing herein shall bar or enjoin the Plaintiffs from instituting or pursuing any claims against Kenneth W. Winger, Paul R. Humphreys, PricewaterhouseCoopers LLP, or TD Securities (USA) Inc.  The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the D&Os who are Defendants with prejudice.

4. The D&Os, trusts for which any of the D&Os are the settlor or which are for the benefit of them or their families; the D&Os' personal or legal representatives, heirs, executors, administrators, and any other Person acting on their behalf; the Insurers; and all of the D&Os' past and present agents, employees, attorneys, insurers, co-insurers, reinsurers, accountants, advisors, successors, and assigns are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action against the Plaintiffs, or any of their present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (including Plaintiffs' Counsel), whether known or unknown, whether under state or federal law, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of, or relating in any way to the institution, prosecution, or settlement of the Action (but excluding any claims to enforce the terms of the Partial Settlement).

5. To the maximum extent permitted by law, the Court hereby bars (1) all claims against the D&Os for indemnity or contribution or any other claim against the D&Os arising out of the Action or otherwise where the injury to the claimant is the claimant's actual or threatened liability to the Plaintiffs arising out of or related to any transactions with respect to the Bonds, (2) all claims by the D&Os against any person for indemnity or contribution arising out of the Action or arising out of or related to any transactions with respect to the Bonds, other than a person whose liability has been extinguished by the Partial Settlement, each to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7), any common law, and any other law, rule or regulation, and (3) any claim by any person or entity which is not a Released Party against the Insurers arising out of or related to any of the obligations of the Insurers with respect to the Settled Claims

of the Plaintiffs, the Partial Settlement, and the Insurance Policies applicable thereto (except claims to enforce the terms of the Partial Settlement); any person not a Defendant in the Action may obtain relief from this part of the bar order upon a showing of prior and greater entitlement to insurance proceeds. A challenge to the bar order set forth in this paragraph shall not prevent or delay the completion of the Partial Settlement, or the entry of the Order of Dismissal, and any appeal with respect to the bar order shall not delay or otherwise affect the distribution of the Settlement Fund as provided herein. In the event that any court finds that this paragraph is not enforceable as written, it shall be modified or limited only to the extent necessary to allow it to be enforced to the fullest extent allowed by law in accordance with its intent. The Plaintiffs shall be entitled to distribution of the Settlement Fund notwithstanding the pendency of any appeal of the bar order and the resolution of any such appeal shall not disturb any Plaintiff's rights to retain the proceeds of the Partial Settlement.

6.    Any non-settling party shall be entitled to a reduction in any final verdict or judgment in an amount calculated as provided for in 15 U.S.C. § 78u-4(f)(7)(B). In addition, any non-settling party who claims to be covered under any insurance policy issued by an Insurer, if any, shall also be entitled to a credit against any final judgment equal to the amount of coverage actually available, if any, that a court determines would have been available to such non-settling party under such insurance policy but for the operation of the bar order in this Order of Dismissal. A challenge to the provisions of this paragraph shall not prevent or delay the completion of the Partial Settlement, or the entry of this Order of Dismissal, and any appeal with respect to this paragraph shall not delay or otherwise affect the distribution of the Settlement Fund as provided herein. In the event that any court finds that this paragraph is not enforceable

as written, it shall be modified or limited only to the extent necessary to allow it to be enforced to the fullest extent allowed by law in accordance with its intent.  The Plaintiffs shall be entitled to distribution of the Settlement Fund notwithstanding the pendency of any appeal of the order based on this paragraph and the resolution of any such appeal shall not disturb any Plaintiff's rights to retain the proceeds of the Partial Settlement.

7.	Neither this Order of Dismissal, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statement referred to therein shall be:

a.	offered or received against the D&Os as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the D&Os with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the D&Os;

b.	construed as or received in evidence as an admission, concession or presumption against the Plaintiffs or any of them that any of their claims are without merit or are subject to any infirmities, or that damages recoverable in the Action would not have exceeded the Gross Settlement Amounts; or

c.	construed against the D&Os or the Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

8.  The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

9.  There is no just reason for delay in the entry of this Order of Dismissal and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

June 30, 2005
Columbia, South Carolina

s/ Joseph F. Anderson, Jr.
United States District Judge