IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| CAPITAL GUARDIAN U.S. FIXED-INCOME MASTER FUND, CAPITAL GUARDIAN GLOBAL FIXED-INCOME FUND, and CHILDREN'S HOSPITAL OF LOS ANGELES INVESTMENT FUND, <br><br> v. <br><br> PRICEWATERHOUSECOOPERS LLP, JAMES R. BULLOCK, LESLIE W. HAWORTH, HENRY B. TIPPIE, JAMES L. WAREHAM, PAUL R. HUMPHREYS, KENNETH W. WINGER, MICHAEL J. BRAGAGNOLO, and TD SECURITIES (USA) INC., <br><br> Defendants. | Case No. 3:05-CV-1109-JFA |

## ORDER AND FINAL JUDGMENT

Pursuant to the Stipulation and Agreement of Settlement dated May 31, 2006 (the "Stipulation") between Plaintiffs Capital Guardian U.S. Fixed-Income Master Fund, Capital Guardian Global Fixed-Income Fund, and Children's Hospital of Los Angeles Investment Fund (collectively, "Plaintiffs") and TD Securities (USA) Inc. n/k/a TD Securities (USA) LLC ("TD Securities"); and all capitalized terms used herein having the meanings set forth and defined in the Stipulation, IT IS HEREBY ORDERED THAT:

    1.    The Court has jurisdiction over the subject matter of the Action, the Plaintiffs and TD Securities.

2. The Action is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against TD Securities.

3. Plaintiffs and the heirs, executors, administrators, successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of, related to, or in any way based upon the subject matter of the Action, the factual allegations of the Complaint or any transaction in or related to the Bonds (but excluding any claims to enforce the terms of the Settlement) against TD Securities, which includes its present and former parents, subsidiaries, affiliates, divisions, successors, partners, principals, officers, directors, employees, attorneys, agents, insurers and assigns (the "Settled Claims"). The Settled Claims are hereby compromised, settled, released, discharged, dismissed and forever abandoned with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

4. TD Securities and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action against the Plaintiffs or any of their present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (including Plaintiffs' Lead Counsel), whether known or unknown, whether under state or federal law, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of, or relating in any way to the institution, prosecution, or

settlement of the Action (but excluding any claims to enforce the terms of the Partial Settlement).

5.   The Court hereby bars all claims by any person against TD Securities for contribution arising out of the Action and bars all claims by TD Securities against any person for contribution arising out of the Action, other than a person whose liability has been extinguished by the Settlement, each to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation.

6.   Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statement referred to therein shall be:

   a.   offered or received against TD Securities as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by TD Securities with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of TD Securities;

   b.   construed as or received in evidence as an admission, concession or presumption against the Plaintiffs or any of them that any of their claims are without merit or are subject to any infirmities, or that damages recoverable in the Action would not have exceeded the Gross Settlement Amounts; or

   c.   construed against TD Securities or the Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

3

9.  The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

10. The record shall reflect that the summons and complaint were never served on defendants Paul R. Humphreys and Kenneth W. Winger. Therefore, this order dismisses the case without prejudice as to Humphreys and Winger, and with prejudice as to TD Securities. The Clerk is instructed to close this case.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

August 28, 2006
Columbia, South Carolina